Per Curiam.

Upon this record we perceive neither the occasion nor the opportunity to give defendant the Miranda [384 U. S. 436] warnings. When the police officer arrived at the scene and inquired ‘1 Wh.at happened ? ’ ’, without directing his question to anyone in particular, defendant blurted out ‘1 They caught me”. In this setting, the admission of the testimony of the officer as to defendant’s statement did not violate the Miranda rule. In any event, in view of the overwhelming proof of defendant’s guilt, any error in this respect may be disregarded as harmless beyond a reasonable doubt. (People v. Thornton, 32 A D 2d 830; People v. McNair, 32 A D 2d 662; People v. Parler, 30 A D 2d 681.)
Although we are not unmindful of defendant’s prior criminal record, we are of the opinion that a one-year jail sentence for the theft of a bottle of cologne valued at $3.50 was excessive under the circumstances.
The judgment of conviction should be unanimously modified on the facts by reducing the sentence to the time already served and, as so modified, affirmed.
Concur — Hogan, P. J., Glickman and Pittoni, JJ.
Judgment modified, etc.